UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WAYNE A. McCLAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:11CV1835 TIA |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court, <u>sua sponte</u>, upon review of the file. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

This cause is on appeal from an adverse ruling by the Social Security Administration. Plaintiff is proceeding in this cause without the assistance of retained counsel. Plaintiff's Complaint was filed on October 20, 2011. (ECF No. 1). On November 4, 2011, the Court entered a Case Management Order setting out the briefing schedule to be followed in this cause in accordance with Rule 9.02 of the Local Rules of this Court. (ECF No. 5). Defendant Commissioner of Social Security timely filed his Answer to Plaintiff's Complaint on January 6, 2012. (ECF No. 13).

On October 4, 2012, the undersigned entered an Order directing Plaintiff to inform the Court, in writing, whether he intends to pursue his claims based solely on the allegations made in his Complaint, or whether he wishes to pursue his claims by way of a separate Brief in Support of Complaint. The record shows that Plaintiff failed to comply with the Order by filing with the Court a pleading stating whether he intends to pursue his claims based solely on the allegations

made in his Complaint, or whether he wishes to pursue his claims by way of a separate Brief in Support of Complaint.

On October 24, 2012, the undersigned entered an Order directing Plaintiff either file a brief in support of his Complaint or a pleading stating that he intends to pursue his claims based solely on the allegations set forth in his Complaint no later than November 26, 2012.  In the Order, the undersigned apprised Plaintiff that failure to comply with the Order will result in dismissal of the instant action for failure to prosecute and failure to comply with the Orders of the Court.  The record shows that Plaintiff has failed to comply with the Order.

"A district court may, in its discretion, dismiss an action pursuant to Fed. R. Civ. P. 41(b) if 'the plaintiff fails to prosecute or to comply with [the Federal Rules or] a court order." Smith v. Gold Dust Casino, 526 F.3d 402, 404 (8th Cir. 2008) (quoting Fed. R. Civ. P. 41(b)).  A dismissal of an action is "an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." Id. at 405 (quoting Givens v. A.H. Robins Co., 751 F.2d 261, 263 (8th Cir. 1984)).  "This does not mean that the district court must find that the appellant acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'" Hunt v. City of Minneapolis, Minn., 203 F.3d 524, 527 (8th Cir. 2000).  See also Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994) (affirming Rule 41(b) dismissal of action filed by pro se plaintiff who "willfully disregarded" a court order).

A finding of intentional or willful conduct justifying dismissal is dependent upon the particular facts of a given case.  Courts have found a variety of conduct sufficiently willful to justify dismissal, including the willful failure to answer interrogatories, Fox-Studebaker-

Worthington, Inc., 516 F.2d 989, 993 (8th Cir. 1975), conduct exhibiting a pattern of intentional delay, Fletcher v. Southern Farm Bureau Life Ins. Co., 757 F.2d 953, 956 (8th Cir. 1995), a persistent failure to respond to discovery requests and disregard of a court's order requiring the production of discovery responses, Edina Couriers, LLC v. UPS Mail Innovations, 2008 WL 80000 (D.Minn. Jan. 4, 2008), and a failure to comply with an order for a deposition, Aziz, 34 F.3d at 589. Considerations of the court's need to advance its docket, the consequences of "irrevocably extinguishing the litigant's claim," and the futility of lesser sanctions inform the court's decision on whether a dismissal is to be with prejudice. Hunt, 203 F.3d at 527 (interim quotations omitted). Also relevant is whether the plaintiff's actions "had the effect of attacking the integrity of the court." Rodgers, 135 F.3d at 1219.

It is well settled law that pro se litigants are not excused from complying with court orders or substantive and procedural law. See Farnsworth v. City of Kansas City, Mo., 863 F.2d 33, 34 (8th Cir. 1988); see also Carman v. Treat, 7 F.3d . 1379, 1381 (8th Cir. 1993) (pro se status does not entitle party to disregard Federal Rules of Civil Procedure); Cook v. Pueppke, 421 F. Supp.2d 1201, 1208 (E.D. Mo. 2006). While courts exercise caution in dismissing the claims of pro se plaintiffs, and pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys, pro se plaintiffs are not excused from complying with court orders. Leach v. Waterway Car Wash, 217 Fed. Appx. 571 (8th Cir. 2007) (affirming dismissal of complaint pursuant to Rule 41(b), but finding that plaintiff's conduct did not arise to level of willful disobedience or intentional delay, the court modified the dismissal to be without prejudice).

Having reviewed the instant record, the undersigned concludes that dismissing this action would be an appropriate sanction for Plaintiff's failure to prosecute and to comply with the

Orders of the Court pursuant to the provisions of Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff has taken no affirmative steps to advance his claims or to comply with the Court's Orders of October 4 and 24, 2012. In those Orders, the Court apprised Plaintiff that his failure to comply may result in dismissal of his claims. Despite that warning, Plaintiff has not responded or otherwise complied with the directive of the Order nor has Plaintiff requested an extension of time. The Court has power to dismiss an action for failure of the plaintiff to comply with a court order. Fed. R. Civ. P. 41(b). Such action may be taken on the court's own motion, and may be exercised under the court's inherent power to control its docket, and to protect the integrity of its orders. Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95, 96 (8th Cir. 1971); Link v. Wabash R.R. Co., 370 U.S. 626, 629-33 (1962); Fendler v. Westgate-California Corp., 527 F.2d 1168, 1170 (9th Cir. 1975).

The Court finds that the relevant considerations militate in favor the extreme sanction of dismissing Plaintiff's claims. Indeed, Plaintiff has ignored Orders of the Court and has done nothing to prosecute his claims as directed. Moreover, Plaintiff has offered no explanation for these failures or requested additional time so that he could comply with the Orders. The undersigned now construes Plaintiff's failure to comply with the Orders as disobedience of the Court's Orders and concludes that Plaintiff's conduct to be so willful or egregious to warrant dismissal of his case. *Cf.* Rodgers v. The Curators of the Univ. of Mo., 135 F.3d 1216, 1218 (8th Cir. 1998) (affirming dismissal with prejudice of plaintiff's complaint when plaintiff failed to appear at two court-ordered depositions, disregarded court orders to produce documents, and violated a court order prohibiting him from terminating his counsel). Under all the circumstances, dismissal would be in the interests of justice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's instant action will be dismissed without prejudice for failure to prosecute and to comply with the Orders of the Court pursuant to the provisions of Rule 41(b) of the Federal Rules of Civil Procedure.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

/s/Terry I. Adelman<br>UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of November, 2012.